1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

8
9

KERRY LAMONS, on behalf of herself and
all others similarly situated,

               Plaintiff,

10
11

    v.

CONVERGENT OUTSOURCING, INC.,

12

            Defendant.

13

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

14

      Plaintiff Kerry Lamons ("Plaintiff"), individually and on behalf of all others similarly

15

situated, by and through her undersigned counsel, brings this class action complaint against

16

Defendant Convergent Outsourcing, Inc. ("Convergent" or "Defendant"). Plaintiff alleges the

17

following upon information and belief based on the investigation of counsel, except as to those

18

allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

19

<u>**NATURE OF THE ACTION**</u>

20

      1.      Convergent is a third-party collections agency that works on behalf of creditors in

21

the telecommunications, utilities, banking, cable company, and financial service industries to

22

secure payments on outstanding debts owed by consumers.

23

CLASS ACTION COMPLAINT - 1

1

2.    As part of its business operations, Defendant collects and maintains highly sensitive

2    personal information of individuals, including Plaintiff and Class Members, who are customers of

3    companies for which Defendant provides debt collection services.

4    3.    On June 17, 2022, Convergent learned of a possible data security issue when

5    some of the company's computer systems stopped functioning properly. The company's

6    investigation confirmed that an unauthorized party executed a malware attack that allowed the

7    unauthorized party to gain access to certain files containing highly-sensitive information (the

8    "Data Breach").

9    4.    The highly-sensitive consumer data that was made available to the unauthorized

10    party included names, contact information, financial account numbers, and social security numbers

11    ("personally identifiable information," or "PII").

12    5.    The Data Breach was the result of Convergent's failure to properly secure and

13    safeguard Plaintiff's and the Class's sensitive personal information stored within its network.

14    6.    On October 26, 2022, over four months after the breach was discovered,

15    Convergent notified Plaintiff that her information may have been compromised as a result of the

16    Data Breach.[1]

17    7.    As of the time Convergent filed its Data Breach Notification with the State of

18    Indiana in October, 640,906 United States residents were affected by the Data Breach.[2]

19

20

21

22    [1] *See Notice of Data Breach,* attached hereto as Exhibit A.
[2] *Data Breach Notifications*, OFFICE OF THE INDIANA ATTORNEY GENERAL,
https://www.in.gov/attorneygeneral/consumer-protection-division/id-theft-prevention/files/Data-Breach-Year-to-Date-11_22.pdf (lasted visited Nov. 7, 2022).

23

CLASS ACTION COMPLAINT - 2

8.      Defendant maintained Plaintiff's and Class Members' PII in a reckless and negligent manner. In particular, the PII was maintained on Defendant's network system in a condition vulnerable to cyberattacks.

9.      Defendant exposed Plaintiff and Class Members to harm by intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions; failing to disclose that it did not have adequately robust network systems and security practices in place to safeguard Plaintiff's and Class Members' PII; failing to take standard and reasonably available steps to prevent the Data Breach from occurring; failing to quickly detect the Data Breach; and failing to promptly notify Plaintiff and Class Members of the Data Breach.

10.      Plaintiff and Class Members are now subject to the present and continuing risk of identity theft and fraud.

11.      According to Experian, one of the largest credit reporting companies in the world, "[t]he research shows that personal information is valuable to identity thieves, and if they can get access to it, they will use it" to, among other things: open a new credit card or loan; change a billing address so the victim no longer receives bills; open new utilities; obtain a mobile phone; open a bank account and write bad checks; use a debit card number to withdraw funds; obtain a new driver's license or ID; use the victim's information in the event of arrest or court action."[3]

---

[3] See Susan Henson, *What Can Identity Thieves Do with Your Personal Information and How Can You Protect Yourself*, EXPERIAN (Sept. 1, 2017), https://www.experian.com/blogs/ask-experian/what-can-identity-thieves-do-with-your-personal-information-and-how-can-you-protect-yourself/ (last visited November 8, 2022).

CLASS ACTION COMPLAINT - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1      12.     By collecting and utilizing Plaintiff's and Class Members' PII, as part of its

2  business operations, Defendant had a duty and obligation to keep Plaintiff's and Class Members'

3  PII secure from authorized access and disclosure.

4      13.     As a result of the Data Breach, Plaintiff and Class Members have suffered injury

5  and ascertainable losses in the form of the present and imminent threat of fraud and identity theft,

6  out-of-pocket expenses and value of time reasonably incurred to remedy or mitigate the effects of

7  the Data Breach, loss of value of their personal information, and loss of the benefit of their bargain.

8      14.     Plaintiff brings this class action lawsuit on behalf of those similarly situated to

9  address Defendant's inadequate safeguarding of the PII that Defendant collected and maintained,

10  and for failing to provide timely and adequate notice to Plaintiff and other Class Members who

11  had their information exposed in the Data Breach.

12      15.     Plaintiff's claims are brought as a class action, pursuant to Federal Rule of Civil

13  Procedure 23, on behalf of herself and all other similarly situated persons. Plaintiff seeks relief in

14  this action individually and on behalf of a similarly situated class of individuals for breach of

15  implied contract, negligence, invasion of privacy, and breach of confidence. Plaintiff and Class

16  Members have a continuing interest in ensuring that their information is and remains safe, and they

17  are entitled to injunctive and other equitable relief.

18                                    **PARTIES**

19      16.     Plaintiff Lamons is a resident of Indio, California. In or around late October of

20  2022, Plaintiff Lamons received a notice of Data Breach letter from Convergent. A copy of the

21  notice letter she received is dated October 26, 2022, and attached hereto as Exhibit A.

22

23

CLASS ACTION COMPLAINT - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

17.    Defendant Convergent is a Washington State corporation with its principal place of business in Renton, Washington. Convergent is a debt collector that works with clients in process outsourcing, revenue cycle, and receivables management, operating as a third-party debt collector for clients.[4]

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of a state different from Defendant.

19.    This Court has personal jurisdiction over Defendant because Defendant is headquartered in this District and Defendant conducts substantial business in this District.

20.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

### A. Convergent's Record Retention Services Are Advertised as Secure

21.    Convergent was formed in 1950 as a collections agency and went on to become "one of America's leading collections agencies."[5]

---

[4] *Who Is Convergent Outsourcing?*, CONVERGENT USA, https://www.convergentusa.com/outsourcing/site/who-is-convergent-outsourcing (last visited November 8, 2022).
[5] CONVERGENT USA, https://www.convergentusa.com/outsourcing/ (last visited November 8, 2022)

CLASS ACTION COMPLAINT - 5

22. Upon information and belief, Convergent obtains consumers' PII to provide its services. As a part of this exchange, in its Privacy Policy, Convergent promises to "take reasonable steps to secure data appropriately and prevent its misuse, loss, or inappropriate alteration."[6]

23. By obtaining, collecting, using, and deriving a benefit from Plaintiff's and Class Members' PII, Defendant assumed legal and equitable duties to Plaintiff and Class Members, and it knew or should have known that it was responsible for protecting Plaintiff's and Class Members' PII from unauthorized disclosure.

24. Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their PII.

25. Plaintiff and Class Members relied on Defendant to keep their PII confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

**B.  <u>The Data Breach</u>**

26. On June 17, 2022, Convergent "became aware of an interruption to certain services performed by Convergent affecting certain computer systems."[7]

27. At some undisclosed time, Convergent's "investigation revealed the following personal information may have been involved in the unauthorized actor's access of the internal drive referenced above: name, contact information, financial account number, and social security number."[8]

---

[6] *Privacy Policy*, CONVERGENT USA, https://www.convergentusa.com/outsourcing/page/privacy-policy (last visited Nov. 8, 2022).
[7] *Notice of Data Breach*
[8] *Notice of Data Breach*

CLASS ACTION COMPLAINT - 6

28.     By October 26, 2022, Convergent began notifying Attorneys' General Offices of the Data Breach.[9]

29.     Plaintiff, a California resident, received a notice dated October 26, but Defendant did not notify the California Attorney General's Office of the Data Breach until November 1, 2022.

**C.  Convergent's Response Increased the Potential of Harm**

30.     As a result of Convergent's inability to secure Plaintiff's and Class's PII, Plaintiff and Class Members are now subject to the present and continuing risk of identity theft and fraud. Defendant could have prevented this Data Breach by properly securing and encrypting the PII of Plaintiff and Class Members.

31.     Enhancing the danger to Plaintiff and the Class, Convergent was incapable of detecting the data breach immediately.

32.     In fact, Plaintiff has still not been told when the data breach began or how long her information may have been exposed.

33.     At the Plaintiff's and Class's expense, it took over four months from the time of discovering the Data Breach for Convergent to start notifying impacted consumers, with no real information on the total amount of time that Plaintiff's and the Class's PII may have been exposed to criminal actors.

34.     As a part of the response to discovering the Data Breach, Convergent notes that it "reset all passwords, and engaged third-party experts to assist with containment, removal, and restoration."[10]

---

[9] *Data Breach Notifications*, OFFICE OF THE INDIANA ATTORNEY GENERAL, https://www.in.gov/attorneygeneral/consumer-protection-division/id-theft-prevention/files/Data-Breach-Year-to-Date-11_22.pdf (lasted visited Nov. 7, 2022).
[10] *Notice of Data Breach*

CLASS ACTION COMPLAINT - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

35. Convergent does not mention any security protocol updates beyond updating passwords, suggesting Convergent does not employ other security measures such as multi-factor authentication or other non-password related security measures.

36. Convergent's own efforts to ameliorate the damage it caused by failing to secure Plaintiff's and Class's Private Information culminated in the inadequate offer of credit monitoring services for one year.[11]

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of the following Class:

> All persons whose PII was maintained on Defendant's computer systems and compromised as a result of the Data Breach discovered in or about June 2022 (the "Class").

38. Specifically excluded from the Class are Convergent, its officers, directors, agents, trustees, parents, subsidiaries, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Convergent, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Convergent and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

39. Plaintiff reserves the right to amend the Class definition above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

40. This action may be certified as a class action under Federal Rule of Civil Procedure

---

[11] *Notice of Data Breach*

CLASS ACTION COMPLAINT - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

23 because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

41.    Numerosity (Rule 23(a)(1)): The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, Plaintiff estimates that the Class is comprised of hundreds of thousands of Class members. The Class is sufficiently numerous to warrant certification. The exact number of Class Members is in the possession and control of Defendant.

42.    Typicality of Claims (Rule 23(a)(3)): Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class member, was compromised in the Data Breach.

43.    Adequacy of Representation (Rule 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

44.    Superiority (Rule 23(b)(3)): A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class members is relatively small, the expense and burden of individual litigation make it impossible for individual Class members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Convergent will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

CLASS ACTION COMPLAINT - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

45.    Predominant Common Questions (Rule 23(a)(2)): The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual Class members, including:

a.    Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

b.    Whether Defendant's data security systems prior to and during the Data Breach complied with applicable data security laws and regulations;

c.    Whether Defendant's conduct was negligent;

d.    Whether Defendant's conduct violated Plaintiff's and Class Members' privacy;

e.    Whether Convergent took sufficient steps to secure its customers' PII;

f.    The nature of relief, including damages and equitable relief, to which Plaintiff and members of the Class are entitled.

46.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

47.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Convergent. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

48.    Convergent has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    49.    Given that Convergent has not indicated that it has made any changes to its conduct or security measures, monetary damages are insufficient and there is no complete and adequate remedy at law.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Negligence**
**(On behalf of Plaintiff and the Proposed Class)**

50.    Plaintiff repeats and re-alleges each and every factual allegation contained in all previous paragraphs as if fully set forth herein.

51.    Plaintiff and members of the Class entrusted the customers of Convergent with their PII. Defendant owed to Plaintiff and other members of the Class a duty to exercise reasonable care in handling and using the PII in its care and custody, including implementing industry-standard security procedures sufficient to reasonably protect, secure, and safeguard the PII from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties, as transpired in the Data Breach, and to promptly detect attempts at unauthorized access.

52.    Defendant owed a duty of care to Plaintiff and members of the Class because it was foreseeable that its failure to adequately safeguard their PII in accordance with state-of-the-art industry standards concerning data security, and the applicable standards of care from statutory authority like Section 5 of the FTC Act, would result in the compromise of that PII—just like the Data Breach that ultimately came to pass. Defendant acted with wanton and reckless disregard for the security and confidentiality of Plaintiff's and members of the Class's PII by disclosing and providing access to this information to third parties and by failing to properly supervise both the

CLASS ACTION COMPLAINT - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

way the PII was stored, used, and exchanged, and those in its employ who were responsible for making that happen.

53.     Further, Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and the Class Members, because Defendant chose to collect and maintain the Private Information for its own

pecuniary benefit. Defendant was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Class Members from a data breach.

54.     In addition, Defendant had a duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data.

55.     Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant is bound by industry standards to protect confidential PII.

56.     Further still, Defendant owed to Plaintiff and members of the Class a duty to notify them within a reasonable timeframe of any breach to the security of their PII. Defendant also owed a duty to timely and accurately disclose to Plaintiff and members of the Class the scope, nature, and occurrence of the Data Breach. This duty is required and necessary for Plaintiff and members of the Class to take appropriate measures to protect their PII, to be vigilant in the face of an increased risk of harm, and to take other necessary steps to mitigate the harm caused by the Data Breach.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

57.     Defendant owed these duties to Plaintiff and members of the Class because they are members of a well-defined, foreseeable, and probable class of individuals whom Defendant knew or should have known would suffer injury-in-fact from Defendant's inadequate security protocols. Defendant actively sought and obtained Plaintiff's and members of the Class's PII.

58.     The risk that unauthorized persons would attempt to gain access to the PII and misuse it was foreseeable. Given that Defendant holds vast amounts of PII, it was "inevitable" that unauthorized individuals would attempt to access Defendant's databases containing the PII— whether by malware or otherwise.

59.     PII is highly valuable, and Defendant knew, or should have known, the risk in obtaining, using, handling, emailing, and storing the PII of Plaintiff and members of the Class and the importance of exercising reasonable care in handling it.

60.     Defendant breached its duties of care owed to the Plaintiff and the Class Members by failing to adopt, implement, and maintain adequate security measures to safeguard Class Members' PII; by failing to adequately monitor the security of its networks and systems; and by failing to periodically ensure that its computer systems and networks had plans in place to maintain reasonable data security safeguards.

61.     Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's and Class Members' PII.

62.     Moreover, Defendant breached its duties by failing to exercise reasonable care in supervising its agents, contractors, vendors, and suppliers, and in handling and securing the PII of

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Plaintiff and members of the Class, which actually and proximately caused the Data Breach and

2    Plaintiff's and members of the Class's injury.

3        63.    Defendant further breached its duties by failing to provide reasonably timely notice

4    of the Data Breach to Plaintiff and members of the Class, which actually and proximately caused

5    and exacerbated the harm from the Data Breach and Plaintiff's and members of the Class's

6    injuries-in-fact. As a direct and traceable result of Defendant's negligence and/or negligent

7    supervision, Plaintiff and members of the Class have suffered or will suffer damages, including

8    monetary damages, increased risk of future harm, embarrassment, humiliation, frustration, and

9    emotional distress.

10       64.    Defendant's breach of its common law duties to exercise reasonable care and its

11   failures and negligence actually and proximately caused Plaintiff and members of the Class actual,

12   tangible, injury-in-fact and damages, including, without limitation, the theft of their PII by

13   criminals, improper and unauthorized disclosure of their PII, lost value of their PII, and lost time

14   and money incurred to mitigate and remediate the effects of the Data Breach that resulted from

15   and were caused by Defendant's negligence, which injury-in-fact and damages are ongoing,

16   imminent, immediate, and which they continue to face.

17       65.    As a result of Defendant's ongoing failure to notify Plaintiff and Class Members

18   regarding what type of PII had been compromised, Plaintiff and Class Members are unable to take

19   the necessary precautions to mitigate damages by preventing future fraud.

20       66.    Defendant's breaches of duty caused Plaintiff and Class Members to suffer from

21   identity theft, loss of time and money to monitor their finances for fraud, and loss of control over

22   their PII.

23

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

67.     As a result of Defendant's negligence and breach of duties, Plaintiff and Class Members are in danger of imminent harm in that their PII, which is still in the possession of third parties, and will be used for fraudulent purposes.

68.     Plaintiff seeks the award of actual damages on behalf of the Class, to compensate them for the harm caused by the Data Breach, resulting directly from Defendant's negligence as set forth herein.

## SECOND CLAIM FOR RELIEF

### Breach of an Implied Contract
### (On behalf of Plaintiff and the Proposed Class)

69.     Plaintiff repeats and re-alleges each and every factual allegation contained in all previous paragraphs as if fully set forth herein.

70.     Defendant required its customers to entrust it with the PII of Plaintiff and members of the Class.

71.     In turn, and through internal policies, Defendant agreed it would safeguard and not disclose the PII it collected to unauthorized persons.

72.     Defendant's customers accepted Defendant's offer by providing PII to Defendant in exchange Defendant's services.

73.     Implicit in the parties' agreement was that Defendant would adequately safeguard the PII entrusted to it, and that it would provide Plaintiff and members of the Class with prompt and adequate notice of all unauthorized access and/or theft of their PII. Plaintiff and members of the Class were intended third party beneficiaries of those agreements.

74.     Plaintiff and the members of the Class would not have entrusted their PII to the customers of Convergent in the absence of such agreement with Defendant.

CLASS ACTION COMPLAINT - 15

75.     Defendant materially breached the contract(s) it had entered by failing to safeguard such information and failing to notify Plaintiff and members of the Class promptly of the intrusion into its computer systems that compromised such information. Defendant further breached the implied contracts by:

A.     Failing to properly safeguard and protect Plaintiffs' and members of the Class's PII;

B.     Failing to comply with industry standards as well as legal obligations that are necessarily incorporated into the parties' agreement; and

C.     Failing to ensure the confidentiality and integrity of electronic PII that Defendant created, received, maintained, and transmitted.

76.     The damages sustained by Plaintiff and members of the Class as described above were the direct and proximate result of Defendant's material breaches of its agreement(s).

77.     Plaintiff and members of the Class have performed as required under the relevant agreements, or such performance was waived by the conduct of Defendant.

78.     The covenant of good faith and fair dealing is an element of every contract. All such contracts impose upon each party a duty of good faith and fair dealing. The parties must act with honesty in fact in the conduct or transactions concerned. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

79.    Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes its conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty.

80.    Defendant knew or should have known that Plaintiff, Class members, and its customers reasonably understood that Defendant would safeguard the PII it obtained. Despite Plaintiff's, Class members', and customers' reasonable expectations, Defendant failed to implement appropriate cybersecurity protocols to protect the PII on its systems from the Data Breach.

81.    Defendant failed to promptly and sufficiently advise Plaintiff and members of the Class of the Data Breach.

82.    In these and other ways, Defendant violated its duty of good faith and fair dealing.

83.    Plaintiff and members of the Class have sustained damages because of Defendant's breaches of its agreement, including breaches thereof through violations of the covenant of good faith and fair dealing.

**THIRD CLAIM FOR RELIEF**

**Violation of the Washington State Consumer Protection Act**
**(RCW 19.86.010 *et seq*.)**
**(On Behalf Of Plaintiff and the Proposed Class)**

84.    Plaintiff repeats and re-alleges each and every factual allegation contained in all previous paragraphs as if fully set forth herein.

85.    The Washington State Consumer Protection Act, RCW 19.86.020 (the "CPA") prohibits any "unfair or deceptive acts or practices" in the conduct of any trade or commerce as those terms are described by the CPA and relevant case law.

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

86.    Defendant is a "person" as described in RWC 19.86.010(1).

87.    Defendant engages in "trade" and "commerce" as described in RWC 19.86.010(2) in that it engages in the sale of services and commerce directly and indirectly affecting the people of the State of Washington.

88.    By virtue of the above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the Data Breach, Defendant engaged in unlawful and deceptive practices within the meaning, and in violation of, the CPA, in that Defendant's practices were injurious to the public interest because they injured other persons, had the capacity to injure other persons, and have the capacity to injure other persons.

89.    In the course of conducting its business, Defendant committed "unfair or deceptive acts or practices" by, inter alia, knowingly failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect Plaintiff's and Class Members' PII, and violating the common law alleged herein in the process. Plaintiff and Class Members reserve the right to allege other violations of law by Defendant constituting other unlawful or deceptive business acts or practices. Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care are ongoing and continue to this date.

90.    Defendant also violated the CPA by failing to timely notify and concealing from Plaintiff and Class Members the unauthorized release and disclosure of their PII. If Plaintiff and Class Members had been notified in an appropriate fashion, and had the information not been hidden from them, they could have taken precautions to safeguard and protect their PII and identities.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

91.     Defendant's above-described wrongful actions, inaction, omissions, want of ordinary care, misrepresentations, practices, and non-disclosures also constitute "unfair or deceptive acts or practices" in violation of the CPA in that Defendant's wrongful conduct is substantially injurious to other persons, had the capacity to injure other persons, and has the capacity to injure other persons.

92.     The gravity of Defendant's wrongful conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests other than engaging in the above-described wrongful conduct.

93.     As a direct and proximate result of Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the Data Breach and its violations of the CPA, Plaintiff and Class Members have suffered, and will continue to suffer, economic damages and other injury and actual harm in the form of, inter alia, (1) an imminent, immediate and the continuing increased risk of identity theft and identity fraud; (2) invasion of privacy; (3) breach of the confidentiality of their other PII; (4) deprivation of the value of their PII, for which there is a well-established national and international market; and/or (5) the financial and temporal cost of monitoring credit, monitoring financial accounts, and mitigating damages.

94.     Unless restrained and enjoined, Defendant will continue to engage in the above-described wrongful conduct and more data breaches will occur. Plaintiff, therefore, on behalf of herself, Class Members, and the general public, also seeks restitution and an injunction prohibiting Defendant from continuing such wrongful conduct, and requiring Defendant to modify its corporate culture and to design, adopt, implement, control, direct, oversee, manage, monitor and

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

audit appropriate data security processes, controls, policies, procedures protocols, and software and hardware systems to safeguard and protect the PII entrusted to it.

95.    Plaintiff, on behalf of herself and the Class Members, also seeks to recover actual damages sustained by each Class Member together with the costs of this suit, including reasonable attorney fees. In addition, Plaintiff, on behalf of herself and Class Members, requests that this Court use its discretion, pursuant to RCW 19.86.090, to increase the damages award for each class member by three times the actual damages sustained, not to exceed $25,000.00 per Class Member.

### FOURTH CLAIM FOR RELIEF

**Unjust Enrichment**
**(On Behalf of Plaintiff and the Proposed Class)**

96.    Plaintiff repeats and re-alleges each and every factual allegation contained in all previous paragraphs as if fully set forth herein.

97.    This claim is pleaded in the alternative to the breach of implied contractual duty claim.

98.    Plaintiff and members of the Class conferred a benefit upon Defendant in the form of the provision of their PII, and Defendant would be unable to engage in its regular course of business without that PII.

99.    Defendant appreciated or had knowledge of the benefits conferred upon it by Plaintiff and members of the Class. Defendant also benefited from the receipt of Plaintiff and members of the Class's PII.

100.    Under principles of equity and good conscience, Defendant should not be permitted to retain the full value of Plaintiff's and the proposed Class's PII because Defendant failed to adequately protect their PII.

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1        101.    Defendant should be compelled to disgorge into a common fund for the benefit of

2 Plaintiff and members of the Class all unlawful or inequitable proceeds received by it because of

3 its misconduct and Data Breach.

4 **DEMAND FOR TRIAL BY JURY**

5       Plaintiff demands a trial by jury of all issues so triable.

6

7 Dated: November 8, 2022              **TOUSLEY BRAIN STEPHENS PLLC**

8                 By: *s/ Kim D. Stephens, P.S.*

9                    Kim Stephens, P.S., WSBA #11984
                   *s/ Jason T. Dennett*

10                    Jason T. Dennett, WSBA #30686
                   *s/ Cecily C. Jordan*

11                    Cecily C. Jordan, WSBA #50061
                   1200 Fifth Avenue, Suite 1700

12                    Seattle, WA 98101
                   Telephone: (206) 682-5600

13                    Facsimile: (206) 682-2992
                   Email: kstephens@tousley.com

14                    Email: jdennett@tousley.com
                   Email: cjordan@tousley.com

15                    **LEVI & KORSINSKY, LLP**

16                    Mark S. Reich*
                   Courtney E. Maccarone*

17                    55 Broadway, 10th Floor
                   New York, NY 10006

18                    Telephone: 212-363-7500
                   Facsimile: 212-363-7171

19                    Email: mreich@zlk.com
                   Email: cmaccarone@zlk.com

20                    *Counsel for Plaintiff*

21                    **pro hac* vice to be filed

22

23